UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EVA MARIE PHILLIPS and GREG A. PHILLIPS, on behalf of themselves and others similarly situated, | Case No. 5:10CV1741 |
| | JUDGE SARA LIOI |
| Plaintiffs, | Magistrate Judge George J. Limbert |
| v. | **ORDER** |
| PHILIP MORRIS COMPANIES INC., nka ALTRIA GROUP, INC., et al., | |
| Defendants. | |

This matter is before the Court on the motion to quash or in the alternative for a protective order filed on behalf of Defendant, Philip Morris USA Inc. on April 25, 2013. ECF Dkt. #48. Plaintiff, Eva Marie Phillips[1], on behalf of herself and others similarly situated, filed a response to the motion on May 14, 2013. ECF Dkt. #54. A hearing on the motion was held on May 16, 2012. For the following reasons, the motion to quash is GRANTED in its entirety.

Rule 45 of the Federal Rules of Civil Procedure governs motions to quash subpoenas. Courts must quash or modify subpoenas that "subject[ ] a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iv). The burden of persuasion in a motion to quash a subpoena is borne by the movant. *Baugardner v. Louisiana Binding Service*, 2013 WL 765574 (2013), see also *In re Smirman*, 267 F.R.D. 221, 223 (S.D.Ohio .2010); *Recycled Paper Greetings, Inc. v. Davis*, 2008 WL 440458, at *3 (N.D.Ohio Feb.13, 2008). Rule 26(c) authorizes a court to issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. In order to justify a protective order, one of Rule 26(c)(1)'s enumerated harms "must be illustrated 'with a

---

[1] Plaintiff, Greg A. Phillips was dismissed from the case on May 21, 2013, pursuant to Fed. R. Civ. P. 41(a)(2). ECF Dkt. #56.

particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.' " *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir.2004) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981)).

Plaintiff brings this consumer fraud action seeking to recover damages for purchases of Marboro Lights ("Lights") cigarettes. Plaintiff alleges that she was induced to believe that light cigarettes were less harmful than full-flavored cigarettes based upon PM USA's marketing and branding of Lights.

Plaintiffs served a notice of Fed. Civ. Pro. R. 30(b)(6) deposition setting the matter for April 26, 2013 at 9:00 a.m. The notice set forth no less than seventy-four deposition topics and sought the presence of "[t]he person or persons who are most knowledgeable about each of the respective items . . ." ECF Dkt. #48-2 at 13. The notice indicated that "this means there may be a different person for each topic." *Id.* Prior to the hearing on the motion, Plaintiff reduced the number of deposition topics from seventy-four to nineteen. During negotiations which occurred immediately prior to the hearing, Plaintiff relinquished five additional deposition topics, leaving the undersigned to resolve PM USA's challenges to the remaining fourteen deposition topics.

Under Rule 30(b)(6), a party may depose a corporation by issuing a notice or subpoena that "describe[s] with reasonable particularity the matters for examination." Fed.R.Civ.P. 30(b)(6). The corporation "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." *Id.* The corporation's designee must be "knowledgeable about the subjects described in the notice" and the corporation must "prepare that witness to testify not just to his or her own knowledge, but the organization's knowledge." *Montgomery v. Sanders*, No. 3:07-cv-470, 2013 U.S. Dist. LEXIS 37757, at *2, 2013 WL 1149240 (S.D.Ohio Mar. 19, 2013) (citing *Prosonic Corp. v. Stafford*, No. 2:07–CV–0803, 2008 WL 2323528 (S.D.Ohio June 2, 2008)). In other words, the party seeking the Rule 30(b)(6) deposition "must designate the areas of inquiry with reasonable particularity, and the [corporation] must designate and adequately prepare the witness to address those matters." *Id.*

-2-

Corporations have a duty to make "a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Starlight International, Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D.Kan.1999). "If the rule is to promote effective discovery regarding corporations the spokesperson must be informed." *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D.Neb.1995) (quoting *Protective Na'l Ins. Co. v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 278 (D.Neb.1989)). The corporation must provide a knowledgeable person, even if this means educating particular witnesses, such as accountants. *Calzaturficio S.C.A.R.P.A. v. Fabiano Shoe Company, Inc.*, 201 F.R.D. 33, 38 (D.Mass.2001). "The production of an unprepared witness is tantamount to a failure to appear, and warrants the imposition of sanctions." *Martin County Coal Corp. v. Universal Underwriters Ins. Servs., Inc.*, No. 08–93, 2010 U.S. Dist. LEXIS 118722, at *12, 2010 WL 4629761 (E.D.Ky. Nov. 8, 2010)(quoting *United Technologies Motor Systems, Inc. v. Borg–Warner Automotive, Inc.*, No. 97-cv-71706, 1998 WL 1796257 (E.D.Mich. Sept. 4, 1998)). See also *Resolution Trust Corp. v. S. Union Co., 985 F.2d 196, 197* (5th Cir.1993) ("If that [corporate] agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all" and subject to sanctions).

Discovery in this case has been divided into phases, with the first and current phase limited to the issue of class certification. The class-action device was designed as "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700–701, 99 S.Ct. 2545 (1979). Class relief is "peculiarly appropriate" when the "issues involved are common to the class as a whole" and when they "turn on questions of law applicable in the same manner to each member of the class." *Id.* at 701, 99 S.Ct. 2545. In such cases, "the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every class member to be litigated in an economical fashion under Rule 23." *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 155, 102 S.Ct. 2364 (1982) (quotation omitted).

A party seeking to certify a class is required to show "under a strict burden of proof," that all the requirements of Rule 23(a) are clearly met. *Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir.1988) (quotation omitted). A class action may only be certified "if the court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co.*, 457 U.S. at 161, 102 S.Ct. 2364; see also *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615, 117 S.Ct. 2231 (1997) (court must take a "close look" at case before accepting it as a class action). If the court determines that the four prerequisites of Rule 23(a) are satisfied, "it must then examine whether the action falls within one of the three categories of suits set forth in Rule 23(b)." *Adamson v. Bowen*, 855 F.2d 668, 675 (10th Cir.1988).

The United States Supreme Court has recognized that discovery limited to the issue of class certification may not be neatly parsed. A class certification determination "generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Gen. Tel. Co.*, 457 U.S. at 160, 102 S.Ct. 2364 (internal quotation marks omitted). "Sometimes the issues are plain enough from the pleadings to determine whether [the requirements of Rule 23 are satisfied], and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question. . . .[A]ctual, not presumed, conformance with Rule 23(a) remains . . . indispensable." *Id*.; see also Fed.R.Civ.P. 23(b)(3) (court must make "findings" that the requirements of Rule 23 have been satisfied); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469, 98 S.Ct. 2454 (1978) ("the class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'"); *id.* at 469 n. 12, 98 S.Ct. 2454, ("'Evaluation of many of the questions entering into determination of class action questions is intimately involved with the merits of the claims. The typicality of the representative's claim or defenses ... and the presence of common questions of law or fact are obvious examples. The more complex determinations required in Rule 23(b)(3) class actions entail even greater entanglement with the merits.'")(quoting 15 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3911, p. 485 n. 45 (1976)).

As a consequence, while Rule 23 does not permit the court to inquire into whether a plaintiff will prevail on the merits, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140 (1974),

the court may go beyond the pleadings and consider legal and factual issues related to the merits if necessary to determine whether each Rule 23 requirement has been met. Whether to certify a class is within the broad discretion of the district court. *Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Mich.*, 654 F.3d 618, 629 (6th Cir.2011).

Federal Rule of Civil Procedure 23(a) sets forth four prerequisites that must be met in order to bring an action as a class action: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a); *In re Whirlpool Corp. Front–Loading Washer Prods. Liab. Litig.*, 678 F.3d 409, 416 (6th Cir.2012).These four prerequisites to a class action are referred to as numerosity, commonality, typicality, and adequacy of representation. See, e.g., *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 828 n. 6, 119 S.Ct. 2295 (1999). A party seeking class certification must show "under a strict burden of proof" that all four requirements of Rule 23(a) are clearly met. *Reed*, 849 F.2d at 1309.

"The proposed class must also meet at least one of the three requirements listed in Rule 23(b)." *In re Whirlpool*, 678 F.3d at 416 (citing *Wal-Mart Stores, Inc. v. Dukes*, __U.S. __, 131 S.Ct. 2541, 2550, 180 L.Ed.2d 374 (2011)). Federal Rule of Civil Procedure 23(b), captioned "Types of Class Actions," reads, in its entirety:

> A class action may be maintained if Rule 23(a) is satisfied and if:
>
> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
>> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>>
>> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
>> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>>
>> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>>
>> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>>
>> (D) the likely difficulties in managing a class action.

In its motion, PM USA contends that, because the first phase of discovery has been limited to the issues relevant to class certification, the remaining fourteen deposition topics are overly broad, in that they are unlimited in temporal scope, and, for the most part, address merits, rather than, class certification issues. Plaintiffs contend that the topics have been appropriately circumscribed based upon the numerous opinions rejecting previous efforts at class certification issued by courts in Lights litigation.

At some point prior to the hearing, PM USA suggested that Plaintiff visit PM USA's website, where transcripts of Rule 30(b)(6) depositions from previous litigation against PM USA are available. At the hearing, PM USA provided a chart, captioned "Chart of Available Employee Transcripts in 'Lights' Cases." The chart contains a list of seventy-five previous depositions, which are identified by the deponent, his or her titles with the company, and the general topic about which the deponent testified. Plaintiff insists that PM USA has a duty to provide a "living person" to sift through the information presumably contained in the previous deposition testimony listed in the chart. PM USA contends that its alleged duty is too onerous, because in order to prepare company representatives for the Rule 30(b)(6) deposition, each representative would simply read the previous deposition testimony and regurgitate the information at his or her deposition.

At the hearing, counsel for the parties were encouraged to engage in a discussion of each of the remaining topics, with Plaintiff explaining the alleged relevance of each topic, and PM articulating their specific objections to each topic. Counsel for PM USA objected to this process,

arguing that PM USA did not have a duty to draft Plaintiff's deposition topics. The remaining fourteen deposition topics are:

> 12. Defendants'[2] knowledge of, attempts to learn about, and information they provided to the public regarding "compensation" as it relates to smoking;
>
> 13. Defendants' knowledge as to how people smoked cigarettes, including as to whether or not at all relevant times they have known that people do not smoke in the same manner and/or method as the Cambridge filter system tested cigarettes;
>
> 16. the research and investigating that Defendants' [sic] did re: how people were smoking Marboro LIGHTS LOWERED TAR & NICOTINE or Marboro Lights and/or Marboro Regulars;
>
> 17. Defendants' research and/or knowledge as to what people knew or thought about Marboro LIGHTS LOWERED TAR & NICOTINE or Marboro Lights being safer or not safer that regular cigarettes;
>
> 18. what Defendants were doing to instruct their customers about how they should smoke Lights cigarettes;
>
> 19. what Defendants were doing to warn their customers how they should smoke Lights and/or the dangers if they did not smoke them the way – or close to the way – that they were smoked during the Cambridge Filter test;
>
> 24. how the Cambridge filter test compared to the way that people actually smoke or smoked cigarettes;
>
> 33. writings, correspondence, and meetings (either in house or with others) regarding whether Defendants should tell or inform the public or any of its customers about whether they should avoid taking deeper puffs, about whether they should avoid taking more puffs, and whether they should avoid smoking cigarettes, and about whether they should avoid covering the vent holes;
>
> 34. information that the Defendants gave to their customers and/or the public about whether they should avoid taking deeper puffs, about whether they should avoid taking more puffs, and whether they should avoid smoking cigarettes, and about whether they should avoid covering the vent holes;
>
> 56. the name and address of the person(s) of whom you are aware who is most knowledgeable with respect to each of the respective topics, including those relating to Ohio, contained in this Notice to Take Deposition (This means there may be a different person named for each of the topics);
>
> 57. the name and address of the person(s) within your organization who is most knowledgeable with respect to each of the respective topics, including those relating to Ohio, contained in this Notice to Take Deposition (This means there may be a different person named for each of the topics);

---

[2]Plaintiff's notice of deposition was originally directed at PM USA and Defendant, Altria Group, Inc., fka Philip Morris Companies, Inc. ("Altria Group"). However, prior to the hearing on the motion to quash, Plaintiff withdrew the notice as it related to Altria Group.

    65. the identities of, including, name, address, job description, and job title, of all the persons you consulted in preparing to testify and in providing testimony pursuant to the notice to take Rule 30(b)(6) deposition served by Plaintiffs in this case;

    67. the identities of, including, name, address, job description, and job title, of the most knowledgeable living persons in your company for each of the items in Plaintiff's notice to take Rule 30(b)(6) deposition regarding the subject of and the information requested by each specifically numbered subject area. This envisions that there will probably be different persons for the different numbered items;

    70. the identities of, including, name, address, job description, and job title, of the most knowledgeable living persons formerly and no longer in your company for each of the items in Plaintiff's notice to take Rule 30(b)(6) deposition regarding the subject of and the information requested by each specifically numbered subject area. This envisions that there will probably be different persons for the different numbered items;

ECF Dkt. #48-2.

    An understanding of prior Lights litigation, particularly class certification in those actions, is instructive since both parties agree that PM USA will offer similar, if not identical, arguments to defeat class certification in the case *sub judice*. Previous efforts at class certification have failed based upon the conclusion that the questions of law or fact common to class members did not predominate over any questions affecting only individual members. See *In re Light Cigarettes Mktg. Sales Practices Litig.*, 271 F.R.D. 402 (D. Me. 2010) (denying certification based upon the predominance of individual issues pertaining to injury, causation, and affirmative defenses), *rev. denied*, No. 10-8042 (1st Cir. 2011); *Cleary v. Philip Morris USA Inc.*, 265 F.R.D. 289 (N.D. Ill. 2010)(class was likely to include persons who suffered no detriment at all, such as class members who purchased cigarettes for reasons wholly unrelated to misconduct), *aff'd*, 656 F.3d 511, 520 n.6 (7th Cir. 2011); *McLaughlin v. American Tobacco Co.*, 522 F.3d 215 (2nd Cir. 2008)(common questions did not predominate as to reliance, loss causation; and injury); *Benedict v. Altria Group, Inc.*, 241 F.R.D. 668 (D. Kan. 2007)(actual tar and nicotine deliveries to individuals varied based on the way they smoked); *Mulford v. Altria Group, Inc.*, 242 F.R.D. 615 (D.N.M. 2007)(evidence of individuals' smoking habits necessary to demonstrate causation); *Lawrence v. Philip Morris USA Inc.*, 53 A.3d 525 (N.H. 2012)(volume of information available to consumers and what they believed constituted predominant individual issues relating to causation); *Stern v. Philip Morris USA Inc.*, No. MID-L-2584-03, slip op., 2007 WL 4841057 (N.J. Super. Ct. 2007); *Davies v. Philip Morris*

*USA Inc.*, 2006 WL 1600067 (Wash. Super. Ct. 2006); *Huntsberry v. R.J. Reynolds Tobacco Co.*, No. 04-2-08173-4SEA, slip op. (Wash. Super. Ct. 2006) (Ex. 12); *Pearson v. Philip Morris Inc.*, 2006 WL 663004 (Or. Cir. Ct. 2006) (appeal pending); *Philip Morris USA Inc. v. Hines*, 883 So. 2d 292 (Fla. 4th DCA 2003); *Cocca v. Philip Morris Inc.*, 2001 WL 34090200 (Ariz. Super. Ct. 2001); *Oliver v. R.J. Reynolds Tobacco Corp.*, 2000 WL 33598654 (Pa. Ct. Com. Pl. 2000).

The United States Supreme Court has acknowledged that the predominance requirement, though similar to the commonality requirement, is "far more demanding." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24, 117 S.Ct. 2231 (1997). The requirement of Rule 23(b)(3) that common questions predominate over individual questions "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 623.

The first nine deposition topics concern PM USA's knowledge that the Cambridge Filter system or FTC, a machine that gauged tar and nicotine intake based upon measured puffs, did not accurately reflect the amount of tar and nicotine taken in by the average smoker, due to the smoker's ability to take deeper puffs, more puffs, and to cover the ventilation holes on Lights. PM USA argues that its knowledge of the foregoing information is not relevant to the class certification issue.

Plaintiff argued that, in previous efforts to certify a class in Lights actions, PM USA has asserted that a class should not be certified because there are too many individual issues as compared to common issues. Plaintiff presumed that PM USA would assert a similar argument in the case *sub judice*, that is, that different smokers "compensated" differently, that is, they found a way to get the amount of nicotine that their systems desired. Plaintiff asserts that PM USA will argue that some smokers covered the ventilation holes, others would take deeper puffs, and others would take more puffs.

At the hearing, Plaintiff stated, "It is our belief and position that [PM USA] should not be able to do that if, in fact, they knew it was taking place. In other words, if they knew that different people were getting different amounts of tar and nicotine because of the compensation factor, and they did nothing, they did nothing that – to stop that belief, they could have put inserts in the packs like they have done in recent years telling people about the fact they shouldn't take more puffs or

-9-

they shouldn't cover the holes, or at least, if they did, that it was going to occur. So we believe that this would show the knowledge they had that people were in fact compensating."

PM USA argued that Plaintiff's inquiry, to the extent that it is intended to reveal fraud, goes to the merits of the complaint. While PM USA conceded that "what consumers knew about ventilation holes or whether they knew about smoking more cigarettes is a class cert[ification] issue," PM USA nonetheless objected to the scope of the inquiry (Lights were introduced in 1971) and also asserted that "there is a lot of prior testimony that relates to compensation and studies about compensation that have either been pointed out to plaintiffs or today provided to plaintiffs, in a chart of prior deposition testimony, including 30(b)(6) deposition testimony, that relates to the issue of compensation. There have also been expert reports on this issue, and therefore, plaintiffs have a much less burdensome way of discovering this information, rather than [PM USA] trying to recreate 50 years of history into one witness on a 30(b)(6) topic. It would take a – an extremely long time to prepare the witness. It would also require the witness to look at depositions that have already been provided to the plaintiff."

The foregoing arguments were advanced in support of and against the propriety of the first nine deposition topics. PM USA argued that the fact that people smoked differently is a class certification issue, while the functionality of the FTC machine was a merits issue. Furthermore, PM USA argued that specific depositions, for instance, the deposition of "perception expert" Dr. Charles Taylor and the depositions of Jeanne Bonhomme (marketing and consumer research) and Shari Teitelbaum (sales, databases, and compute systems), are available to Plaintiff for review, which will allow her to more narrowly tailor her deposition topic list.

Having considered the arguments of both parties, the undersigned concludes that Plaintiff has, in large measure, conflated class certification issues with merits issues. Plaintiff's argument is a legal rather than factual argument. She contends that, to the extent that PM USA knew that the Cambridge Filter test was not an accurate gauge of smokers' tar and nicotine intake, PM USA should not be permitted to defeat class certification with the argument that smokers chose Lights for

different reasons. To the contrary, evidence of fraud may defeat PM USA's arguments on the merits, however it does not have a similar impact on the class certification determination.

On the other hand, to the extent that PM USA conducted studies on consumer choice, that is, to the extent that PM USA ascertained the reasons that smokers chose Lights rather than full-flavored cigarettes, PM USA appears to concede that such information is relevant to the class certification issue. Accordingly, Plaintiff may reformulate her deposition topics to include "consumer choice" information, but shall not include topics that include the functionality of the FTC machine or PM USA's knowledge regarding the various ways that smokers increased their tar and nicotine intake while smoking Lights.

The remaining five deposition topics seek the identities on individuals with knowledge of the deposition topics. PM USA objected to the requests on the basis that the information is better sought through interrogatories. PM USA specifically objected to Topic #70 because it seeks the identities of individuals that are no longer with PM USA. PM USA also reiterated that the chart contained the identities of seventy-five individuals with knowledge. However, as the undersigned has drastically limited the deposition topics, the undersigned finds that PM USA's objections to the final five deposition topics have no merit.

Finally, at the hearing, PM USA objected to Plaintiff's document requests that are made as a part of the Rule 30(b)(6) notice. PM USA contends that the document requests are voluminous and include documents that PM USA has already furnished. For instance, Plaintiff requests "copies of all discovery responses which you have made, including responding to interrogatories, request for production and responses to requests for admissions in each respective case," "all documents which you have produced in these light cigarette cases," and "[a]ll records concerning other Lights and other tobacco litigation Defendants or any of their predecessors-in-interest have been involved in." ECF Dkt. #48-2 at 14. In addition to quashing the request for documents, PM USA requests that Plaintiff be required to identify the specific documents on which she intends to rely upon at the Rule 30(b)(6) depositions.

-11-

The undersigned agrees that Plaintiff's original request for documents was overbroad. However, to the extent that Plaintiff submits an amended notice of Rule 30(b)(6) deposition, which is limited in scope as discussed in this Order, the document request would be sufficiently pared down so as not to be oppressive. Nonetheless, having considered PM USA's request, the undersigned agrees that the sheer volume of documents produced with respect to the limited topic necessarily requires that Plaintiff identify the documents to be used at the Rule 30(b)(6) deposition at least fourteen days prior to the date of the deposition. See *Dealer Computer Servs., Inc. v. Curry*, 2013 WL 499520, at *3 (S.D.N.Y. 2013) (requiring plaintiffs to identify in advance the documents upon which they intended to depose corporate representatives); *Charleswell v. Chase Manhattan Bank, N.A.*, 277 F.R.D. 277, 283-84 (D.V.I. 2011) ("Every court that has considered the issue of producing documents in advance of a deposition has come to the [same] conclusion."); *United States v. Taylor*, 166 F.R.D. 356, 366 (M.D.N.C. 1996) (ordering party taking deposition to provide deponent, in advance, "with a list of documents, exhibits (organized by topics and subtopics as set forth in the Rule 30(b)(6) notice, and deposition transcripts that the party intends to use at the examination").

As the Court observed in *Apple Inc. V. Samsung Electronics Co. Ltd.,* 2012 WL 1511901 (N.D. Cal.), "[T]he purpose served by Fed.R.Civ.P. 30(b)(6) – to require an organization to identify and designate a witness who is knowledgeable on the noticed topic, particularly where the noticing party is unable to itself identify an appropriate witness because that knowledge lies within the organization – does not extend to burdening the responding party with production and preparation of a witness on every facet of the litigation. This would render unworkable the obligation of the responding party to " 'make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter,' as that task becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand. To require [PM USA] to respond to this notice would be to ignore the directive of Fed.R.Civ.P. 26(b)(2) (C)(iii) to limit the extent of otherwise relevant discovery where the benefit to and need of the propounding party is outdone by the burden,

expense, and in this case – impracticable demand imposed on the other side." *Id.* at *2.  The observations of the Northern District of California are particularly valid here, where discovery has been limited to the issue of class certification.

For the reasons articulated in the foregoing Order, the motion to quash as to all fourteen remaining deposition topics is GRANTED.  Plaintiff shall file an amended Rule 30(b)(6) notice within fourteen days of the date of this Order and shall also provide to PM USA notice of the documents intended to be used at the Rule 30(b)(6) deposition(s) fourteen day prior to the scheduled deposition date(s).  ECF Dkt. #48.

IT IS SO ORDERED.

SIGNED AND ENTERED on this 24th day of May, 2013.

                                                */s/ George J. Limbert*
                                                GEORGE J. LIMBERT
                                                UNITED STATES MAGISTRATE JUDGE