# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| EVA MARIE PHILLIPS, on behalf of herself and others similarly situated, | ) ) ) | CASE NO.  5:10CV1741 |
| PLAINTIFFS, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) ) ) | OPINION AND ORDER |
| PHILIP MORRIS COMPANIES, INC., et al., | ) ) ) ) | |
| DEFENDANTS. | ) | |

Defendants, Philip Morris Companies, Inc., Philip Morris USA, Inc. and Alteria Group, Inc., filed a motion to quash a subpoena for a Rule 30(b)(6) deposition issued by plaintiff, Eva Marie Phillips (Doc. No. 48), and plaintiff opposed the motion (Doc. No. 54). This Court referred the matter to Magistrate Judge George J. Limbert for resolution of the discovery dispute. On May 24, 2013, Magistrate Judge Limbert issued an order granting defendants' motion to quash, and affording plaintiff leave to resubmit her subpoena, limited to certain specified topics (Doc. No. 58). Plaintiff did not resubmit her subpoena but, instead, filed objections to the Magistrate Judge's order (Doc. No. 65). Defendants have responded to plaintiff's objections (Doc. No. 67). Plaintiff has also moved to extend class certification discovery (Doc. No. 61), and defendants have responded to this motion, as well (Doc. No. 64).

*Background*

In this action, plaintiff alleges that defendants violated Ohio statutory and common tort law by advertising and selling certain cigarettes as "light" and "low tar," when the cigarettes in question had as much tar and nicotine as their regular line of cigarettes. Plaintiff claims that defendants should have more effectively warned prospective customers of the dangers of smoking light cigarettes, and should have informed consumers that the testing method utilized to detect the tar and nicotine content of the light cigarettes underestimated the amount of tar and nicotine the average consumer would inhale. Plaintiff brings this action on her own behalf, and on behalf of other similarly situated consumers of defendants' light cigarettes.[1]

At the Case Management Conference on October 18, 2012, the Court determined that discovery would be bifurcated, with the initial round of discovery limited to issues relating to class certification. (*See* Doc. No. 32, Case Management Plan and Trial Order.) On March 15, 2013, plaintiff served on Phillip Morris Companies, Inc. and Phillip Morris, USA, Inc. a notice of a Rule 30(b)(6) deposition to take place April 26, 2013. (Doc. No. 48-2, Subpoena.) The subpoena identified seventy-four topics that were to be addressed at the deposition, and it also set forth a request for supporting documentation. Defendants moved to quash the subpoena. After the discovery dispute was referred to the Magistrate Judge, but before the hearing on the motion, plaintiff reduced the deposition topics to nineteen. Following discussions between the parties, the number was further whittled down to fourteen.

---

[1] A second plaintiff, Greg A. Phillips, was voluntarily dismissed from this action on May 21, 2013.

2

The Magistrate Judge granted the motion to quash. In so ruling, the Court properly found that plaintiff had largely "conflated class certification issues with merit issues." (Doc. No. 58 at 1296.) According to the Magistrate Judge, many of the deposition topics sought information relating to plaintiff's claims of fraud and, while this information may be used to defeat defendants' arguments on the merits, they did not have a similar impact on the question of class certification. (*Id*. at 1297.) The Magistrate Judge did afford plaintiff leave to reformulate her deposition topics to seek information limited to "consumer choice"—the reasons why smokers chose light cigarettes. The Magistrate Judge also approved five deposition topics that sought the identities of individuals with knowledge of the approved deposition topics.

*Standard of Review*

When a party timely objects to a magistrate judge's order on a non-dispositive matter, the district judge must modify or set aside any part of the order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). A finding is clearly erroneous "'when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of the evidence is a reasonable one.'" *JGR, Inc. v. Thomasville Furniture Indus., Inc*., No. 1:96-CV-01780, 2006 WL 456479, at *1 (N.D. Ohio Feb. 24, 2006) (quoting *Heights Cmty. Cong. v. Hilltop Realty, Inc*., 774 F.2d 135, 140 (6th Cir. 1985)).

In reviewing a magistrate judge's decision to determine whether it is "contrary to law," a district court is to apply the same standard the Sixth Circuit employs to review a district court's ruling on an evidentiary question, which is an "abuse of discretion" standard. An "abuse of discretion" occurs when a court "'improperly applies the law or uses an erroneous legal standard.'" *Thomasville Furniture Indus.*, 2006 WL 456479, at *1 (quoting *United States v. Taplin*, 954 F.2d 1256, 1258 (6th Cir. 1992)) (further quotations and citations omitted).

*Plaintiff's Objections*

Plaintiff insists that the Magistrate Judge applied the wrong standard in his consideration of the discovery dispute, suggesting that the issues raised therein should have been considered under Rule 26 and Rule 30(b)(6), and not Rule 45. Federal Rule of Civil Procedure 45 governs motions to quash or modify subpoenas. Fed. R. Civ. P. 45(c)(3). Because the present discovery dispute presented itself in the form of a motion to quash plaintiff's subpoena, the Magistrate Judge properly consulted that rule.

However, the Magistrate Judge also referenced other relevant civil rules. Rule 30(b)(6) allows for the deposition of a corporation, through a designated corporate representative, provided the subpoena noticing the deposition "describe[s] with particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Additionally, Rule 23 governs class actions, and identifies the specific requirements that a plaintiff must meet before the court will certify a class. The Magistrate Judge properly considered these rules, and the requirements each rule imposes, in considering plaintiff's discovery requests and defendants' motion to quash. Finally, Rule 26 governs the scope of

4

discovery. While the Magistrate Judge did not specifically cite this rule, by properly considering plaintiff's rights and defendants' discovery obligations under Rule 30(b)(6) and Rule 23, he effectively ensured that Rule 26's mandate that parties receive discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense" was met, with respect to class certification discovery. Fed. R. Civ. P. 26(b)(1).

Courts universally recognize that some discovery is necessary prior to a determination of class certification. *See Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974) ("Maintainability [of a class] may be determined by the court on the basis of the pleadings, if sufficient facts are set forth, but ordinarily the determination should be predicated on more information than the pleadings provide.") (citing *Huff v. N.D. Cass Co.*, 485 F.2d 710 (5th Cir. 1973)); *National Organization for Women v. Sperry Rand Corp.*, 88 F.R.D. 272, 276 (D. Conn. 1980). The recognized need for pre-certification discovery, however, is subject to court-imposed limitations, and any such limitations are within the sound discretion of the trial court. *Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 304-05 (D. Col. 1998); *National Organization for Women*, 88 F.R.D. at 277. "In managing discovery in cases of this nature, district courts are required to balance the need to promote effective case management, the need to prevent potential abuse, and the need to protect the rights of all parties." *Tracy*, 185 F.R.D. at 305 (citing *Shushan v. Univ. of Col.*, 132 F.R.D. 263, 268 (D. Col. 1990)).

In *National Organization for Women*, the district judge made the following comments regarding pre-certification discovery, which have been echoed by other courts,

5

> The discovery permitted must be sufficiently broad in order that the plaintiffs have a realistic opportunity to meet these requirements (of Rule 23, Fed. R. Civ. P.); at the same time, the defendant must be protected from discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas. Discovery is not to be used as a weapon, nor must discovery on the merits be completed precedent to class certification. Unnecessarily broad discovery will not benefit either party.

88 F.R.D. at 277 (internal citation omitted). Given these constraints, courts have held that "discovery on the merits should not be had prior to [resolution of] the pre-certification issue." *Rodriguez v. Banco Central*, 102 F.R.D. 897, 903 (D. P.R. 1984) (citing *National Organization for Women*, 88 F.R.D. at 277); *see Weathers*, 499 F.2d at 1201 ("the district court must confine itself to the requirements of Rule 23 and not assess the likelihood of success on the merits"). The Magistrate Judge properly rejected the majority of plaintiff's proposed deposition topics because they went beyond the pale of the certification analysis. Topics relating to the accuracy of the testing methods, defendants' knowledge of the limitations of the testing methods, when defendants realized that customers were smoking light cigarettes in a manner that was inconsistent with the testing methods, and what defendants did to warn customers about the possible health risks (and how they should use the cigarettes to minimize those health risks) all went to the merits of plaintiff's claim, and did not address the requirements of Rule 23 class certification.[2]

---

[2] Plaintiff's objections that the discovery should have been permitted because it was limited in its scope and did not impose an unreasonable burden miss the point. These topics were rejected by the Magistrate Judge, not because they were unduly burdensome or overly broad, but because they went beyond the set boundaries of this initial phase of discovery. Likewise, plaintiff's suggestion that discovery should not be curtailed simply because defendants may produce documents and depositions from other light cigarette litigation is without merit because the Magistrate Judge did not rely on this ground in denying the requested discovery.

In her objections, however, plaintiff argues that deposition testimony on these topics is necessary to support her motion for class certification because such testimony could establish equitable estoppel. (Doc. No. 65 at 1406-07 [defendant[s] "should not be permitted and should be estopped from asserting individual issues, including compensation and members of the public having knowledge that [defendants] w[ere] not telling the truth regarding their Lights Filter Cigarettes Lowered Tar & Nicotine cigarettes. But Plaintiff needs discovery on this issue."]) It appears that plaintiff intends to assert that defendants should be precluded from arguing that the commonality and typicality requirements of Rule 23 are not met because they did not warn customers about the various methods of compensation (i.e. covering the vent holes, taking deeper puffs, or taking more puffs) that would result in the consumption of greater levels of tar and nicotine.[3] Plaintiff offers no support for her argument that a defendant's misconduct can result in the waiver of the Rule 23 requirements, and the Court is aware of none.[4] In fact, all of the cases plaintiff cites in support of her argument involve the employment of equitable estoppel to defeat certain defenses at trial, underscoring the fact that equitable

---

[3] Plaintiff further argues, "[a] party should not be permitted to sell a very dangerous product, which it has misrepresented and which contains unknown dangers (the vent holes that can be easily and accidentally covered), to provide no warnings, to provide no instructions, which leads to different people smoking them differently, and then hide behind and avoid liability (**and avoid even being deposed**) by claiming that their conduct has created too many individual issues." (Doc. No. 65 at 1412 [emphasis in original].)

[4] Plaintiff also appears to argue that defendants should be estopped from contesting certification because a similar class was previously certified in a related state action. (Doc. No. 65 at 1406.) This argument is not relevant to the present discovery dispute, and would be more appropriately raised in a motion for class certification.

7

estoppel is an argument that goes to the merits of a case.[5]

However, given the fact that plaintiff bears the burden of establishing the perquisites for class certification, *Alkire v. Irving*, 330 F.3d 802, 820 (6th Cir. 2003), the Court finds that the Magistrate Judge's order unduly restricted the scope of class certification discovery with respect to this limited area. In his order, the Magistrate Judge noted that defendants had conceded that "what consumers knew about ventilation holes or whether they knew about smoking more cigarettes" and the differences in the ways in which consumers smoked light cigarettes to be class certification issues. (Doc. No. 58 at 1294-95 [internal quotations and citations omitted].) The Magistrate Judge also cited cases where class certification was denied on the basis of differences in compensation by various consumers. (*Id.* at 1296 [collecting cases].) Nevertheless, the Magistrate Judge prohibited discovery on the various ways smokers increased their tar and nicotine intake while smoking light cigarettes. (*Id.* at 1297.) The Court finds that the Magistrate Judge clearly erred in limiting the scope of discovery to exclude issues involving compensation because such a limitation would substantially impair plaintiff's ability to discover evidence relating to the requirements of Rule 23. Therefore, the Court modifies the Magistrate Judge's order to allow not only for discovery of consumer choice information (as ordered by the Magistrate Judge), but also for methods of compensation by

---

[5] For example, in *Simmons v. United States*, 308 F.2d 938, 945 (5th Cir. 1962), the court observed that the doctrine of equitable estoppel, in proper circumstances, could be invoked against the United States in cases seeking recoupment of taxes. Similarly, in *Lamers v. Organizational Strategies, Inc*., No. 1:08cv101, 2008 WL 779516, at *2-3 (E.D. Va. Mar. 24, 2008), plaintiff unsuccessfully relied upon equitable estoppel to bar the application of a statute of limitations for his breach of contract claim. Neither of these cases was brought as a class action. *In Re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, 838 F. Supp. 2d 967, 980 (C.D. Cal. 2012), did involve a class action, but the court found that the defendants were barred by their conduct from compelling arbitration. It did not rule that estoppel had any impact on class certification.

consumers. Plaintiff shall have seven days from the date of this order to reformulate the deposition topics to cover these two limited areas. The court trusts that the topics will be properly limited as not to trigger further dispute regarding the scope of discovery, at this stage, possibly resulting in further delays.

*Motion to Extend Pre-Certification Discovery*

Plaintiff also moves to extend the period of class certification discovery. Defendants do not oppose such an extension for the exclusive purpose of conducting the Rule 30(b)(6) deposition(s). The Court agrees that such a limited extension is warranted. Therefore, the Court will extend initial discovery, limited to the taking of the Rule 30(b)(6) deposition(s) of defendants' representative(s), until July 26, 2013. Plaintiff's motion for class certification shall be filed by August 26, 2013, defendants' response shall be due September 27, 2013, and any reply must be filed by October 7, 2013. A hearing on class certification shall take place on October 21, 2013 at 10:00 AM. All other dates and deadlines set forth in the Court's Case Management Plan shall remain in effect.

*Conclusion*

For all of the foregoing reasons, plaintiff's objections to the Magistrate Judge's May 24, 2013 order are sustained, in part, and overruled, in part. Within seven days of this opinion and order, plaintiff may serve upon defendants a notice to take a Rule 30(b)(6) deposition on the topics identified herein, as well as the topics identified in the Magistrate Judge's order. Also, plaintiff's motion to extend pre-certification

discovery is granted, in part. Discovery relating to class certification shall be extended, as set forth above.

**IT IS SO ORDERED**.

Dated: June 28, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

10